WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
cmiller@wrightlegal.net
rhabermas@wrightlegal.net
*Attorneys for Plaintiff, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual but as Trustee of ARLP Trust3*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3,<br><br>Plaintiff,<br><br>vs.<br><br>PANORAMA TOWERS CONDOMINIUM UNIT OWNERS' ASSOCIATION, a Nevada Non-Profit Corporation,<br><br>Defendant. | Case No.: 2:17-cv-02235-JCM-CWH<br><br>**MOTION TO ENLARGE TIME TO SERVE DEFENDANT PANORAMA TOWERS CONDOMINIUM UNIT OWNERS' ASSOCIATION WITH SUMMONS AND COMPLAINT** |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual but as Trustee of ARLP Trust3 ("Christiana Trust"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., Christina V. Miller, Esq., , and Regina A. Habermas, Esq. of the law firm of Wright, Finlay & Zak, LLP, hereby moves the Court to enlarge the time to serve Defendant, Panorama Towers Condominium Unit Owners' Association (the "HOA") with the Summons and Complaint by, at least, an additional 45 days.

This Motion is based on the attached memorandum of law, all pleadings and papers on file, and any oral argument as permitted by the Court. Since Christiana Trust has not yet served the Complaint on the named defendant, Christiana Trust anticipates the Motion will necessarily remain unopposed.

DATED this 21st day of November, 2017.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Regina A. Habermas, Esq.*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 00050
Christina V. Miller, Esq.
Nevada Bar No. 12448
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave., Suite 200
Las Vegas, NV, 89117
*Attorneys for Plaintiff, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual but as Trustee of ARLP Trust3*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

This action arises out of a non-judicial foreclosure sale of the real property located at 4575 Dean Martin Drive, Unit 1500, Las Vegas, Nevada 89103 (the "Property") conducted by the HOA (the "HOA Sale"). Christiana Trust seeks an award of damages resulting from the failure of the HOA and its foreclosure trustee to conduct the HOA Sale in compliance with applicable law. Christiana Trust respectfully requests the Court enter an Order enlarging the time to serve the Summons and Complaint on the HOA pursuant to Fed. R. Civ. P. 4(m) and 6(b). This Court has broad discretion to enlarge the time for service. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). Thus, the Court may enlarge the period of time within which a Summons and Complaint is to be served even where a party fails to demonstrate good cause for failure to serve within 90 days. Id. Christiana Trust submits that good cause exists to extend the deadline because the failure to effect service on the HOA within the prescribed period resulted from a desire to conserve the resources of the Court and the parties to this action. If the Court

does not find good cause exists in these circumstances, Christiana Trust submits the failure to serve the HOA was the result of excusable neglect and the Court should exercise its discretion to grant the requested extension.

## II. PROCEDURAL HISTORY

*This Action for Damages*

On August 22, 2017, Christiana Trust filed its Complaint against the HOA. [ECF No. 1]. On August 29, 2017, Christiana Trust submitted its Proposed Summons to the HOA. [ECF No. 2]. The Summons was issued by the Court the same day. [ECF No. 4]. Also on August 29, 2017, Christiana Trust filed a Notice of Lis Pendens. [ECF No. 3]. Finally, on September 7, 2017, Christiana Trust filed its Certificate of Interested Parties [ECF No. 5].

*State Court Title Dispute*

On October 12, 2015, Christiana Trust filed a Complaint for Quiet Title and Declaratory Relief against the buyer at the HOA Sale, SFR Investments Pool 1, LLC ("SFR") in the Eighth Judicial District Court, in and for the State of Nevada, Case No. A-15- 726031-C (the "Quiet Title Action").[1] The pleadings closed on April 4, 2016, when Christiana Trust filed its Answer to SFR's Counterclaim.[2] After the close of discovery in the Quiet Title Action, the parties filed competing Motions for Summary Judgment.[3] The dispositive motions were fully briefed and the Court scheduled a hearing of them on October 24, 2017.[4] Christiana Trust expected the Court to rule on the competing motions and resolve the title dispute during that hearing.[5] However, the Court continued the hearing to December 7, 2017 and has not yet ruled on the dispositive motions.[6]

Had the Court granted Christiana Trust's Motion for Summary Judgment in the Quiet Title Action, the claims asserted against the HOA here would likely be rendered moot and

---

[1] *See* Declaration of Regina A. Habermas, Esq., attached hereto as **Exhibit 1**, at ¶ 6.
[2] Id. at ¶ 7.
[3] Id. at ¶ 8.
[4] Id. at ¶ 9.
[5] Id. at ¶ 10.
[6] Id. at ¶ 11.

Christiana Trust could decide not to litigate those claims.[7] Thus, the anticipated October 24, 2017 ruling was potentially dispositive of the issues raised in this action.[8] Under those circumstances, Christiana Trust determined the Court's and parties' resources could be preserved if the Summons and Complaint were not served on the HOA until after the October 24, 2017 hearing.[9] As noted above, the dispositive motion hearing in the Quiet Title Action was continued to a date after the November 20, 2017 deadline to serve the HOA in this case.[10] As the result of mistake or inadvertence, the Summons and Complaint were not served on the HOA prior to that deadline.[11]

### III. LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Thus, Rule 4(m) provides two avenues for relief. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). The first is mandatory: the district court must extend time for service upon a showing of good cause for failure to serve within 90 days. Id. The second is discretionary: if the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. Id. The Court may extend time for service even after the 90-day period expires. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, the Court should exercise its discretion to extend the time for service and grant

---

[7] Id. at ¶ 12.
[8] Id. at ¶ 13.
[9] Id. at ¶ 14.
[10] Id. at ¶ 15.
[11] Id. at ¶ 16.

Christiana Trust an additional 45 days to effectuate service on the Summons and Complaint upon the HOA. Christiana Trust anticipated, in good faith, that a ruling during the October 24, 2017 hearing in the Quiet Title Action could be dispositive of both the Quiet Title Action and this action. When the Court continued the hearing to December 7, 2017, Christiana Trust should have proceeded to effect service on the HOA in this action. However, Christiana Trust inadvertently failed to do so. Christiana Trust has shown good cause for the delay due to desire to conserve the time and resources of the Court as well as the parties to this action. At the very least, the failure to serve the HOA by the deadline to do so resulted from excusable neglect. And this Motion is being filed only one day after the expiration of the period for service. Finally, a brief 45-day extension of the deadline to serve the Summons and Complaint will not result in undue prejudice to the HOA.

### IV.   CONCLUSION

Based on the foregoing, Christiana Trust respectfully requests an Order from the Court granting an additional 45 days to effectuate service of the Summons and Complaint upon Defendant HOA.

DATED this 21st day of November, 2017.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Regina A. Habermas, Esq.*
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3*

IT IS SO ORDERED.

DATED: 11/22/17

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of WRIGHT, FINLAY & ZAK, LLP, and that on this 21st day of November, 2017, I did cause a true copy of the **MOTION TO ENLARGE TIME TO SERVE DEFENDANT PANORAMA TOWERS CONDOMINIUM UNIT OWNERS' ASSOCIATION WITH SUMMONS AND COMPLAINT** to be e-served through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

| | |
|---|---|
| Dana Jonathon Nitz, Esq. | dnitz@wrightlegal.net |
| Christina V. Miller, Esq. | cmiller@wrightlegal.net |

*/s/ Brandon M. Lopipero*
An Employee of WRIGHT, FINLAY & ZAK, LLP

# EXHIBIT LIST

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| 1 | Declaration of Regina A. Habermas, Esq. |