1
2
3
4                  UNITED STATES DISTRICT COURT
5                       DISTRICT OF NEVADA
6                              * * *
7   CHRISTIANA TRUST,                        Case No. 2:17-CV-2235 JCM (EJY)
8                          Plaintiff(s),              ORDER
9       v.
10  PANORAMA TOWERS CONDOMINIUM
    UNIT-OWNERS' ASSOCIATION,
11
12                       Defendant(s).
13
14          Presently before the court is the matter of *Christiana Trust v. Panorama Towers*
15  *Condominium Unit Owners' Assoc.*, case no. 2:17-cv-02235-JCM-EJY.
16          By way of background, this is a long-running dispute stemming from an allegedly improper
17  foreclosure conducted by a homeowner's association.  This litigation, which has focused on
18  contract and tort claims resulting from that sale, has run in parallel with quiet title litigation in state
19  court focused on the rights to the property itself.  That state court litigation has involved multiple
20  appeals to the Nevada Supreme Court, and this federal litigation was stayed for more than four
21  years awaiting resolution of the state quiet title claim.
22          But, on March 13, 2023, the underlying state matter settled and the parties in that case
23  stipulated to dismiss the appeal pending before the Nevada Supreme Court following a settlement
24  conference.  *See Christiana Trust v. SFR Investments Pool 1, LLC*, Case No. 84767, Document
25  23-07624 (Nev. 2023).  This court took notice of that settlement in a minute order issued on June
26  7, 2023, that both lifted the stay in this case and ordered the parties to update the court based on
27  the outcome of the state case.  (ECF No. 37).  Specifically, this court gave the parties a week to
28  either (1) stipulate to dismiss this action (since the underlying dispute was seemingly solved across

James C. Mahan
U.S. District Judge

1   the street at the Nevada Supreme Court) or (2) inform the court what claims remain to be litigated

2   following the state settlement.

3        The parties remained silent.  They failed to heed the deadline and filed nothing.  So, this

4   court gave them a second chance and issued a second minute order.  (ECF No. 38).  This time, the

5   parties were given six days to file one of the two documents originally requested and to explain

6   why they had missed the first deadline.  Again, the parties failed to respond and have, to date, filed

7   nothing.  In total, the parties' failure to respond to these two minutes orders—even to request an

8   extension to respond—means that there has not been a filing in this case in nearly three years.

9        "The authority of a court to dismiss sua sponte for lack of prosecution has generally been

10   considered an 'inherent power,' governed not by rule or statute but by the control necessarily

11   vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition

12   of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Further, "[c]ourts have inherent

13   power in the interest of the orderly administration of justice and under Rule 41(b), FRCP, to

14   dismiss for disobedience of its orders."  *In re "Santa Barbara Like It Is Today" Copyright*

15   *Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982).

16        Both parties have now failed to comply with two simple orders of this court.  The court

17   asked for nothing but communication and was met with silence.  Perhaps the parties have forgotten

18   about these claims; they have been pending for seven years, after all.  The court has not, however,

19   and it will now dismiss them pursuant to Federal Rule of Civil Procedure 41(b).

20        To be sure, the ultimate sanction of dismissal is harsh.  But a harsh sanction is tenable

21   where, as here, several factors mitigate against the severity of the order.  *See O'Brien v. Sinatra*,

22   315 F.2d 637, 641–42 (9th Cir. 1963).

23        The parties have utterly failed to respond to the court's requests for information, and at

24   least the underlying dispute has already been resolved in state court.  Recognizing the longstanding

25   tradition of dismissing a case without prejudice where it has not reached the merits, *see, e.g.*, *id.*

26   at 641, this court finds that dismissal without prejudice is an appropriate sanction.

27        The court has accommodated the parties by allowing this matter to languish on its docket

28   for seven years.  When presented with the opportunity to meaningfully advance this litigation, the

**James C. Mahan**
**U.S. District Judge**

- 2 -

parties simply sat on their hands and elected not to respond.  If they show no interest in litigating the case, the court is not inclined to make them do so.  Having extended the deadline already, the court is convinced that further extensions of time would be futile.  Likewise, the court is persuaded to temper the severity of the sanction by dismissing without prejudice (rather than *with* prejudice, as is the default under Rule 41(b)) despite the fact that the parties have clearly flouted prior orders of the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that all claims in this matter be, and the same hereby are, DISMISSED, without prejudice.  The clerk is instructed to close this case.

DATED June 27, 2023.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -